■ NICK PARENTE et al., Respondents, v NEW YORK TIMES et al., Appellants. [723 NYS2d 878] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court,

Queens County (Golar, J.), dated May 26, 2000, as granted the plaintiffs' motion to strike their answer and, upon directing the conclusion of discovery on the issue of damages, in effect, granted that branch of their cross motion which was to compel the physical examination of the injured plaintiff, and (2) an order of the same court, dated December 18, 2000, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 26, 2000, is dismissed, as that order was superseded by the order dated December 18, 2000, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated December 18, 2000, as adhered to that portion of the order dated May 26, 2000, which, in effect, granted that branch of the defendants' cross motion which was to compel the physical examination of the injured plaintiff is dismissed, as the defendants are not aggrieved by that portion of the order appealed from; and it is further,

Ordered that the order dated December 18, 2000, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the defendants' contention, the Supreme Court properly exercised its discretion in granting the plaintiffs' motion to strike the answer as a sanction for their failure to comply with a court order directing that certain discovery take place (*see, Provenzano v Turner Constr. Co.,* 275 AD2d 314).

We note that the court directed the parties to conclude discovery on the issue of damages, which discovery included the physical examination of the injured plaintiff. Since the plaintiffs do not cross-appeal from that portion of the order, the defendants are entitled to compel the physical examination of the injured plaintiff. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.